UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPLIED INTERACTIVE LLC
Plaintiff,

v.

                                                                                     Civil Action No. TBD

DEVINE HYDRAULICS, INC.,
BRIAN DEVINE INDIVIDUALLY AS PRINCIPAL THEREOF
Defendants

**COMPLAINT**
**Nature of this Action**

1.      This is a Claim for Breach of Contract, statutory violation of Massachusetts Commission Payment Statutes, and M.G.L. ch 93A (or in the alternative, their Connecticut analogues) as well as for declaratory relief pursuant to 28 U.S.C. Section 2201, *et seq*.

2.      In this Complaint, Plaintiff Applied Interactive LLC ("Applied") seeks, inter alia, a declaration that Defendant Devine Hydraulics, Inc. ("Devine") has breached its contract with Applied, entitling Applied to contractual damages, including attorney fees, a determination that Devine has breached the Massachusetts Commission Payment Statute by failing to pay Commissions it admits are due, subjecting it to pay Applied multiple damages and awarding same, as well as, independently, awarding Applied its attorney fees, and further that Devine has a continuing contractual duty to pay such commissions on an ongoing basis and further a declaration and/or determination that Devine's extended ignorance of its statutory obligations, despite no defense, is strategic, calculated

and unfair and deceptive in violation of Massachusetts unfair and deceptive trade practices statutes.

## Jurisdiction and Venue

3. Plaintiff APPLIED INTERACTIVE LLC ("Applied") is a Massachusetts Limited Liability Company organized and having a principal place of business in Worcester, Massachusetts.

4. The Defendant, DEVINE HYDRAULICS, INC. ("Devine") is a company with a principal place of business located in Uncasville, Connecticut. Devine conducts business within the State of Connecticut as well as Massachusetts and other states.  Brian Devine is the Principal of Devine and for convenience they are collectively referred to hereafter as "Devine" Unless identified separately

5. The amount in controversy exceeds $75,000.00 dollars exclusive of costs and interest.

6. Jurisdiction in this Court is therefore proper under 28 U.S.C. Section 1332 (a)(1) in that there is diversity of citizenship and the amount in controversy exceeds $75,000.00.

7. Venue is proper in this Court under 28 U.S.C. Section 1391(a) because a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## COUNT ONE:
### Breach of Contract

8. Plaintiff realleges here paragraphs 1-7 above.

9. On or about February 20, 2020, Applied entered into a Services Agreement and integrated Statement of Work (collectively, "the Agreement") to provide to Devine Internet-based sales, marketing, and other services that was in effect from February 20, 2020 with an initial term of 12 months from the kickoff date of March 1, 2020, and which

automatically renewed for one year terms by its terms unless and until terminated. Copy attached as Exhibit 1.

10. Among other forms of compensation, Section 5 of the Services Agreement provided for Applied to receive commissions if certain sales thresholds were met ("Commissions").

11. Specifically, if Devine's Total Revenues exceeded $190,000 in any one month, Devine agreed to pay Applied a Commission of 10% on the amount that Devine received over that $190,000 in Total Revenue in the given month. The specific language of the Agreement where Devine specifically selected this Commission structure, in the Section 2 of the Statement of Work reads:

[✓]   **SUCCESS INCENTIVE**

**Option 1 (Effective as of Initial Agreement):**

Applied agrees to:
- Discount Flat Fees ($6,229 - $1,246 = $4,983 per Month)

Client agrees to:
- Pay Applied 10% Commission on Total Revenue Over $190,000 Per Month
- Reconcile Reporting on a Monthly Basis
- Calculate and Pay Commission Within 30 Days of Month Close

12. Unless terminated for cause, these Commissions payment obligations expressly continued beyond any termination of the Agreement.

13. The relevant Success Incentive Subsection of Section 5. Compensation and Billing, of the Agreement (with the continuation language at the end) reads:

Success Incentive

Applied's methods produce results, and if they don't, you should pay less for them. A properly run and maintained digital marketing and/or recruitment program generates opportunities beyond the reach of traditional methods like salesmen and headhunters; but they were generally incentivized by a success fee and we think that part of the old system serves both our interests. Applied will defer an aspect of its fees until Client fully realizes that value through success. Applied charges a lower flat fee for its services (above) and uses this Success Incentive to keep Applied's team laser focused on your growth initiatives and keeping opportunities coming.

Success incentive formats vary to achieve alignment with Client objectives. Like traditional advertising models, this aspect consists of a percentage of total advertising spend, as campaigns grow and associated management responsibilities increase. Like traditional independent sales rep models, this aspect consists of a percentage of those sales attributed to digital marketing and lead generation efforts. Applicable to Applied's recruitment services, like traditional headhunter models, this aspect consists of a percentage of those salaries for new hires attributed to digital recruitment efforts. Success incentives are paid as set out in the SOW and Client will provide payment in full on the agreed upon schedule (accompanied by any supporting reports Applied deems necessary).

If Applied requests an audit, Client will give access to relevant records to Applied or its representatives during normal business hours on 5 business days written notice. In the event of termination of this Agreement (other than for cause), such success incentives shall continue.

14. During multiple months following the February 20, 2020 Effective Date, Devine's Total Revenues exceeded $190,000. Copy of Devine's Revenue Spreadsheet attached as Exhibit 2.

15. On or about January 25, 2022 Devine notified Applied in writing that, for reasons other than for cause, Devine wished to terminate the Services Agreement effective March 1, 2022, specifically stating that "we [Devine] feel that your company has done a great job serving us, and we have been satisfied with the quality of service, at this time we need to direct funding back to our employees…" Then closing with "[t]hank you for the hard work, we look forward to working together again in the future." Copy attached as Exhibit 3

16.     Notwithstanding Applied's entitlement to the Commissions, Devine did not pay any such Commissions to Applied and continues to refuse to do so, despite repeated demand, and Devine has offered no justification.

17.     Such actions by Devine constitute breach of the Agreement

## COUNT TWO:
### Breach of Massachusetts Sales Representative Law MGL ch 104 Section 7 *et seq.* and its Connecticut Analogue CGS ch 743ff Section 42-481 *et seq.* )

18.     Plaintiff realleges here paragraphs 1-17 above.

19.     Despite repeated demand, Devine to date continues to refuse to pay the Commissions, that it acknowledges it owes, now well over six months after Devine's termination of the Agreement and well in excess of a year after those Commissions first became due and payable.

20.     Specifically, M.G.L. 104 Sections 7-9, as well as CGS ch 743ff Section 42-481 et. seq. requires that on termination of an agreement like this one that includes commissions, all such commissions due before termination shall be paid no later than 14 days (30 days under Connecticut law) after such termination and further, clearly contemplating continuing commissions, that all commissions "that are due at the time of termination of a contract between a sales representative and principal shall be paid within fourteen days after the date of termination. Commissions that become due after the termination date shall be paid within fourteen days after the date on which the commissions became due."

21.     At the time of making the Agreement, Devine clearly knew that Applied was a Massachusetts company and that Applied would be soliciting orders and sales from

5

Massachusetts (as well as many other states) and so is statutorily defined as doing business in Massachusetts.

22. On or about February 7, 2022, by email and certified mail, Applied made demand on Devine to pay the Commissions due and to continue to pay same. Copy attached as Exhibit 4.

23. On or about February 22, 2022, Applied sent a second demand for payment of the Commissions, again by email and certified mail. Copy attached as Exhibit 5.

24. To the date of this filing, well beyond the statutory fourteen (14) day (or thirty for Connecticut) limit many times over, in fact, much more than ten (10) times over, Devine continues to refuse to pay the Commissions due and has failed to pay them.

25. And it has done so despite admitting the Commissions are due, at least up through the date of termination on or about March of 2022 as detailed in the spreadsheet Devine provided. See Exhibit 2.

26. To date of this filing, and despite written demand for Total Revenue numbers from March through the present, to calculate continuing Commissions as they are becoming due and payable every month, as contemplated by MGL ch 104 Section 8 (Section 42-482 (a)(2) for Connecticut), Devine has refused to provide the information necessary to calculate same.

27. This failure to pay the Commissions due, now well beyond the statutory time limit, statutorily makes that refusal by Devine willfully or knowingly (willful, wanton, reckless, and in bad faith in Connecticut).

28. Accordingly, in doing so, Devine has violated M.G.L. ch 104 Section 7-9 (and its Connecticut Analogue CGS ch 743ff Section 42-481 et seq. ), entitling Applied to, and

Applied requests this Honorable Court to issue, a declaration of such violation and an award of treble (double in Connecticut) the actual Commissions due (including those that continue to become due if and as not timely paid) as well as Applied's attorneys' fees and costs of this action, which are mandatory.

## COUNT THREE:
### Breach of MGL ch. 93A (and its Connecticut Analogue, the Connecticut Unfair Trade Practices Act (CUTPA))

29. Plaintiff realleges here paragraphs 1-28 above.

30. Devine's actions as outlined above, more specifically, its now extended refusal to make prompt payment after being specifically notified of its payment obligations, which it has acknowledged, particularly in conjunction with its refusal to provide the necessary information required to enable calculation of the continuing Commissions accruing after March of 2022, through the present and continuing forward, despite their clearly being due, constitute a strategic decision to unfairly, and deceptively, string Applied along.

31. These actions extend beyond simply refusal to pay the Commissions and beyond the statutory violation pleaded above, and in doing so, rise to a level of action that shocks the conscience and rise above the norms of the rough and tumble world of business to a level that implicates the provisions of MGL ch 93A (and CUTPA).

32. The commission payment statute(s) exist to force businesses to pay their sales representatives the commissions due on sales already made and revenue already received by the business. These sales representatives, like Applied here, have previously invested heavily of their time, and other resources, like Applied here, that they have pledged and performed in reliance on the business to compensate them for their success. By doing so on reliance on the principal like Devine here's promised compensation they are more

vulnerable than others in the business arena, meaning that Devine's stringing along and extending out their payment of moneys due, in flagrant indifference to even the statute's mandatory double damages remedy, without any justifiable defense, or even having asserted one, rises and extends beyond the standard reckless and willful bad faith that statute contemplates and takes this case to the next level of ch. 93A ( and CUTPA).

33. In this case, Applied invested thousands of dollars of time, business resources, and money (paid to its employees and outside service providers) to provide work product that lead to Devine's sales, that in turn, a portion of what Devine already received was due to be paid out to Applied.

34. Devine's continued calculated, strategic, unfair and deceptive retention of those funds, and most particularly all of such funds (i.e., Devine's continued refusal to make any Commission payment to date), for so long now, appears designed to, inter alia, impose additional delay and injury to Applied, apparently at least in hopes of starving and thwarting its enforcement efforts and or enabling Devine to make strategic moves and use such assets to either continue to better its own position and business or to otherwise further damage Applied (who, for example and among others still pays third party suppliers that continue to enable Devine's internet marketing).

35. This is particularly true with the current market trend of increasing interest rates, inflation, and other market pressures that make those funds due back to Applied all the more important and Devine's actions all the more insidious.

**COUNT FOUR: Breach of Implied Covenant of Good Faith and Fair Dealing**

36. Plaintiff realleges here paragraphs 1-35 above.

37. Devine unilaterally and unfairly terminated its relationship with Applied and has continued to refuse to pay the commissions due to Applied.

38. In contrast, Applied performed its obligations in good faith under the contract and made significant investments as required by the relationship and agreements, including but not limited to the written contracts between them.

39. Applied had substantially performed and returns were being seen by Devine demonstrably exceeding the $190,000 monthly threshold for the Commissions to be earned and payable.

40. Despite Applied's good faith and performance, Devine in bad faith, deprived Applied of the fruits of the labor Applied had previously performed and continued to perform and/or Devine unfairly leveraged its ability to terminate the contract in an effort to leverage and intimidate Applied into not pursuing such Commissions and to secure an undue and unfair economic advantage, namely not paying the Commissions due to Applied and trying to use its termination to improperly facilitate its continued undue economic leverage of refusing to pay.

41. Specifically, Devine, in further bad faith, knew that it had significant Commissions accrued and due to Applied.  On information and belief, Devine may have taken additional deceptive and improper acts to either conceal or avoid additional Commissions due to Applied or to try to avoid paying Commissions already due to Applied.

42. By doing so, Devine deprived Applied in bad faith of money that it had fairly earned and legitimately expected under the contract and Devine purposefully failed to

pay Commissions to Applied despite those Commissions having been clearly previously earned by Applied.

## COUNT FIVE: Unjust Enrichment

43. Plaintiff realleges here paragraphs 1-42 above.

44. Applied by its performance and the work it conducted as previously alleged above conveyed (and continues to convey and will continue to convey) substantial economic and other benefits on Devine.

45. Despite receiving and taking full advantage of those benefits, Devine has not adequately compensated Applied for those benefits and appears to intend to continue to take those benefits solely for itself.

46. Accordingly, Devine's retention (or continued accrual) of those benefits without restitution to Applied constitutes unjust enrichment of Devine at Applied's expense that must be remedied.

47. Applied is thus in need of immediate redress of these issues and these matters constitute an actual bona fide legal dispute and/or substantial uncertainty of legal obligations that require a resolution by this honorable Court.  Because some issues addressed herein may extend beyond the Court's declaratory authority, with respect only to those such issues:


PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE

WHEREFORE,

Based on all of the foregoing, the Plaintiff, Applied respectfully requests the Court enter declaratory judgment and/or for trial by jury on any and all remaining issues, including but not limited to:

1. Declaring that Defendant Devine has breached the Agreement by not paying past due Commissions that were due and payable before the termination of the Agreement by Devine and award Applied its breach of contract damages in the form of the Commissions and its attorneys' fees;
2. Award Applied its attorneys' fees as specifically provided by M.G.L. c 104 Sections 7-9 (and CGS ch. 743ff Section 42-481 *et seq.* ) incurred to date of judgment as part of its actual damages;
3. Declaring that Defendant Devine has withheld and not timely paid the Commissions due to Applied, which became expressly due and owing immediately upon the termination of the Agreement by Devine and since;
4. Declare that such withholding violated the Massachusetts Sales Representative Law (or its Connecticut analogue) and award Applied up to the statutory trebling of those Commissions as required by such statute(s);
5. Declare that such withholding by Devine has been intentional, deceptive and an unfair business practice in further violation of M.G.L. ch. 93A (and/or the Connecticut Unfair Trade Practices Act "CUTPA");
6. Award Applied under 93A (or CUTPA) all of those as actual damages, including but not limited to a) the treble/double Commissions due to date under the Statute and b) its attorneys' fees actually paid out of pocket to date together as an award of actual damages, and then treble those actual damages under 93A (or CUTPA);
7. Declare Devine to have an ongoing obligation to continue timely paying Applied the Commission of 10% on Devine's Total Revenue over $190,000 in any one month as required by the Agreement and order Devine to (and/or temporarily and permanently enjoin Devine from refusing to) make such payments when due and payable going forward, with this respected Court retaining jurisdiction to enforce same should payment ever again be withheld as being in contempt of Court; and
8. Apply all requested relief against both Devine Hydraulics and Brian Devine in his individual capacity, jointly and severally.  And award all other equitable and legal relief (including interest) as this court may deem appropriate.

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
APPLIED INTERACTIVE LLC
/s/Seth M. Wilson

By its attorney
Seth M. Wilson, BBO # 640270
Sethwilsonesq@gmail.com
Seth M. Wilson, Esq.
PO Box 54
Monson, MA 01057
T: 413 219-7060

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/Seth M. Wilson
Seth M. Wilson, BBO # 640270
Sethwilsonesq@gmail.com
Seth M. Wilson, Esq.
PO Box 54
Monson, MA 01057
T: 413 219-7060